**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| JUL-BUR ASSOCIATES, INC. and JULIE'S BOTTEGA,<br><br>Plaintiffs<br><br>v.<br><br>SELECTIVE INSURANCE COMPANY OF AMERICA and SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST,<br><br>Defendants | CIVIL ACTION<br><br>Case no. 2:20-cv-01977-TJS |

**MEMORANDUM OF LAW OF SELECTIVE INSURANCE COMPANY OF AMERICA AND SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Dated: May 27, 2020

Respectfully submitted,

*/s/ David Smith* _____
David Smith (Pa. I.D. 21480)
Theresa E. Loscalzo (Pa. I.D. 52031)
Raymond J. Hunter (Pa. I.D. 87797)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
Telephone: (215) 751-2000
Facsimile: (215) 751-2205

*Attorneys for defendants Selective Insurance Company of America and Selective Insurance Company of the Southeast*

## **TABLE OF CONTENTS**

**Page(s)**

FACTUAL BACKGROUND .................................................................................................... 1

LEGAL STANDARD ............................................................................................................... 1

ARGUMENT ............................................................................................................................. 2

I.    The Civil Authority Provision of the Policy Does Not Cover Loss of Business Income Incurred as a Result of Compliance with the Closure Order Issued by the Governor to Combat the Coronavirus Pandemic. ....................................................................................... 5

    A.    Plaintiffs Cannot Satisfy the Requirement of a Covered Cause of Loss.......................... 6

    B.    Plaintiffs Have Not Pleaded Damage to "Other Property" ............................................. 9

    C.    Plaintiffs Have Not Pleaded That Access to Their Place of Business is Prohibited Because of Damage to Another Property or to Enable a Civil Authority to have Unimpeded Access to the Other Damaged Property. ....................... 10

II.    For the Same Reasons Plaintiffs Fail to State a Claim Under the Civil Authority Provision of the Policy, They Cannot State a Claim Under the Loss of Business Income Provision of the Policy. ............................................................................................ 10

CONCLUSION ........................................................................................................................ 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................2

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................2

*In re Burlington Coat Factory Securities Litigation*,
    114 F.3d 1410 (3d Cir. 1997).....................................................................................2

*Burtch v. Milberg Factors, Inc.*,
    662 F.3d 212 (3d Cir. 2011)...................................................................................2, 7

*Friends of DeVito, et. al v. Wolf*,
    2020 WL 1847100 (Pa. April 13, 2020) ....................................................................8

*Motorists Mutual Insurance Co. v. Hardinger*,
    131 F. App'x. 823 (3d Cir. 2005) ..............................................................................9

*Port Authority of New York & New Jersey Affiliated FM Insurance Co.*
    311 F.3d 226 (3d Cir. 2002) …………………………………………………………….9

*Victaulic Co. v. Tieman*,
    499 F.3d 227 (3d Cir. 2007).......................................................................................1

*Windowizards, Inc. v. Charter Oak Fire Insurance Company*,
    2015 WL 1400726 (E.D.Pa. March 27, 2015)...........................................................7

*Zion Hill Baptist Church of Philadelphia, Inc. & Robert P. Paskings, Esq.,
    Custodian of the Assets of Zion Hill Baptist Church of Philadelphia, Inc. v.
    Ben Weinstein*,
    1989 WL 817111 (Pa. Ct. Com. Pl. Jan. 6, 1989) .....................................................8

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ..............................................................................1, 1, 7

Defendants, Selective Insurance Company of America and Selective Insurance Company of the Southeast (collectively "Selective") submit this brief in support of their motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint of plaintiffs, Jul-Bur Associates, Inc., and Julie's Bottega (together, "Plaintiffs"). Plaintiffs' complaint should be dismissed because:

1. The Civil Authority provision of Plaintiffs' insurance policy (the "Policy") does not cover loss of Business Income incurred as a result of compliance with the closure order issued by the Governor to combat the Coronavirus pandemic; and

2. For the same reasons Plaintiffs fail to state a claim under the Civil Authority provision of the Policy, they cannot state a claim under the loss of business income provision of the Policy.

## FACTUAL BACKGROUND

Plaintiffs seek a declaratory judgment that the civil authority coverage in the Businessowners Coverage insurance policy they purchased from Selective on March 15, 2020 covers their claimed loss of Business Income incurred when, according to their complaint, they "shut their doors on March 16, 2020" "[i]n light of the Coronavirus global pandemic and state orders mandating all non-life-sustaining businesses in the Commonwealth to close operations and stay at home." Compl. ¶¶ 2, 11.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Victaulic Co. v. Tieman,* 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007)). Plaintiffs' claim is not plausible on its face because Plaintiffs have failed to plead facts that would allow the court to "draw the reasonable inference that the defendant is liable for [their claim]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although there is no probability requirement, plaintiff must allege more than a "sheer possibility" that the defendant is liable. *Id.*

Plaintiffs' complaint cannot withstand the required scrutiny of the *factual* basis for their entitlement to relief. *Twombly*, 550 U.S. at 559. The Third Circuit has made clear that, unlike *factual* allegations, the "conclusory" allegations in Plaintiffs' complaint "are not entitled to assumptions of truth." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 225 (3d Cir. 2011) (citing *Twombly*, 550 U.S. at 557). Therefore, Plaintiffs cannot rely on mere "labels and conclusions, and [their] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Although Plaintiffs did not attach a copy of the insurance policy governing their claim to their complaint, this Court can, and should, consider the dispositive language of the insurance policy under which Plaintiffs claim coverage. *See In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment"). The insurance policy issued to Plaintiffs the day before they "shut their doors on March 16, 2020" is both integral to and explicitly relied upon in Plaintiffs' complaint. Accordingly, Selective has attached a true and correct copy of the insurance policy issued to Plaintiffs as Exhibit "A" to this brief.

## ARGUMENT

The Policy does not cover the business income Plaintiffs claim to have lost when they "shut their doors" "[i]n light of the Coronavirus global pandemic and state orders mandating all

non-life-sustaining businesses in the Commonwealth to close operations and stay at home." For ease of reference, the pertinent policy provisions are set forth below in full, in context, and in the order they appear in the policy:

Section I of the Policy defines the coverage for property damage. The Policy provides on page 1 of 53:

> A. Coverage
>
> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

Covered Causes of Loss is defined in Section I(A)(3), on page 3 of 53 of the Policy:

> 3. Covered Causes of Loss
>
> Direct physical loss unless the loss is excluded or limited under Section I — Property.

Section I(A)(5), which begins on page 3 of 53, provides for "Additional Coverages," including Section I(A)(5)(f) on page 6 of 53 "Business Income" and Section I(A)(5)(i) on page 9 of 53 "Civil Authority."

Section I(A)(5)(f)(1) defines the Business Income coverage:

> (1) Business Income
>
> (a) We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss.

Section I(A)(5)(i) defines the Civil Authority coverage:

> i. Civil Authority
>
> When a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of

Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises, provided that both of the following apply:

(1) Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described premises are within that area but are not more than 1 mile from the damaged property; and

(2) The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.

Exclusions from Covered Causes of Loss are in Section I(B) of the policy, which begins on page 17 of 53. Two of the exclusions from Covered Causes of Loss apply here. Section I(B)(1)(a) on page 17 of 53, excludes loss or damage caused directly or indirectly by ordinance or law; and Section I(B)(1)(j) on page 20 of 53, excludes loss or damage caused directly or indirectly by virus or bacteria.

B. Exclusions

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

    a. Ordinance Or Law

        (1) The enforcement of or compliance with any ordinance or law.

            (a) Regulating the construction, use or repair of any property; or

            (b) Requiring the tearing down of any property, including the cost of removing its debris.

    (2)  This exclusion, Ordinance Or Law, applies whether the loss results from:

      (a)  An ordinance or law that is enforced even if the property has not been damaged.

        \*  \*  \*

  j.  Virus or Bacteria

    (1)  Any virus, bacterium or other micro-organism that induces or is capable of inducing physical distress, illness or disease.

**I.**  **The Civil Authority Provision of the Policy Does Not Cover Loss of Business Income Incurred as a Result of Compliance with the Closure Order Issued by the Governor to Combat the Coronavirus Pandemic.**

According to their complaint, Plaintiffs claim coverage under the Civil Authority provision of the Policy. However, Plaintiffs' reliance on the Civil Authority provision of the policy is misplaced because Plaintiffs do not – and cannot – plead facts that satisfy any of the requirements for coverage under the Civil Authority provision of the Policy. Section I(A)(5)(i) of the Policy provides in full:

  i.  Civil Authority

  When a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises, provided that both of the following apply:

  (1)  Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described premises are within that area but are not more than 1 mile from the damaged property; and
  (2)  The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.

The allegations in Plaintiffs' complaint demonstrate that Plaintiffs cannot satisfy the following essential requirements for Civil Authority Coverage:

(a) that the loss sustained is a "Covered Cause of Loss", which is defined as "[d]irect physical loss unless the loss is excluded or limited under Section I — Property";

(b) that "damage" was sustained "to a property other than" Plaintiffs' insured place of business;

(c) that the civil authority prohibited access to Plaintiffs' place of business in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage or to enable the civil authority to have unimpeded access to the damaged property.

All three requirements must be satisfied, but Plaintiffs cannot satisfy any of them.

A. **Plaintiffs Cannot Satisfy the Requirement of a Covered Cause of Loss.**

The Civil Authority provision of the policy, Section I(A)(5)(i), begins with: "When a Covered Cause of Loss causes damage ..." Plaintiffs have no claim under the Policy because neither the Coronavirus pandemic nor the "state orders mandating all non-life-sustaining businesses in the Commonwealth to close operations and stay at home" can be a Covered Cause of Loss.

The phrase "Covered Cause of Loss" is defined in Section I(A)(3) of the Policy as a "direct physical loss *unless the loss is excluded or limited under Section I — Property*." (emphasis added)

There are two exclusions in Section I — Property that preclude coverage:

- The Virus or Bacteria exclusion found in Section I(B)(1)(j) excludes any loss or damage caused directly or indirectly from any virus or bacteria;

- The Ordinance or Law exclusion found in Section I(B)(1)(a)(1)(a) excludes loss or damage caused directly or indirectly by ordinance or law.

Both exclusions apply "regardless of any other cause or event that contributes concurrently or in any sequence to the loss" and "whether or not the loss event results in widespread damage or affects a substantial area." Section I(B)(1).

Plaintiffs plead that they "shut their doors" "[i]n light of the Coronavirus global pandemic." That unavoidable admission eliminates any plausible argument for a Covered Cause of Loss because the Policy provides (at Section I(B)(1)) that the exclusion applies "regardless of any other cause or event that contributes concurrently or in any sequence to the loss" and "whether or not the loss event results in widespread damage or affects a substantial area." While Plaintiffs assert the virus exclusion does not apply, that bare unsupported conclusion does not provide a basis to avoid dismissal under Rule 12(b)(6). *See Burtch*, 662 F.3d, at 225 (citing *Twombly*, 550 U.S. at 555-57) (finding that "conclusory" allegations in a complaint "are not entitled to assumptions of truth" and that the mere formulaic recitation of the elements of a cause of action are insufficient in terms of defeating a motion to dismiss).

Plaintiffs' claims are also contradicted by their allegation that they closed in light of "state orders mandating all non-life-sustaining businesses in the Commonwealth to close operations and stay at home." State orders which Plaintiffs claim have eliminated their ability to conduct business operations at their insured place of business are laws "regulating the . . . *use*" of Plaintiffs' property. *See Windowizards, Inc. v. Charter Oak Fire Insurance Company*, 2015 WL 1400726, at *5 (E.D.Pa. March 27, 2015) (finding that the policy language regarding coverage of "loss or damage caused by the enforcement of any ordinance or law" was triggered at the point in time when action taken by the insured became "necessary under the law") (citing *Regents of Mercersburg College v. Republic Franklin Insurance Co.*, 458 F.3d 159 (3d. Cir. 2006) (holding that the policy language addressing coverage of "Covered Causes of Loss", which were "caused

by enforcement of building, zoning or land use ordinance or law" applied under circumstances in which action taken by the insured was mandated by the Americans with Disabilities Act, and the Pennsylvania Handicapped Act)); *see also Zion Hill Baptist Church of Philadelphia, Inc. & Robert P. Paskings, Esq., Custodian of the Assets of Zion Hill Baptist Church of Philadelphia, Inc. v. Ben Weinstein*, 1989 WL 817111 (Pa. Ct. Com. Pl. Jan. 6, 1989) (finding that the "major flaw" in the insured's argument that coverage included the cost of installation of a sprinkler system in their church, which was mandated by a city ordinance, was the fact that the policy contained a specific exclusion for any loss "[o]ccasioned directly or indirectly by enforcement of any local or state ordinance or law regulating the construction, repair, or demolition of buildings and structures."). Accordingly, the provision excluding loss or damage caused directly or indirectly by ordinance or law also precludes coverage here.

Plaintiffs' claims would not be covered even if the exclusions were not in the policy. Plaintiffs do not allege a "direct *physical* loss." Plaintiffs do not allege that the virus was *actually present*; only that the societal need for social distancing required them to shut their doors. *Friends of DeVito, et. al v. Wolf*, 2020 WL 1847100 (Pa. April 13, 2020) (a copy of which is attached as Exhibit "C."), cited by Plaintiffs in support of their conclusory statement in paragraph 29 of their complaint that "physical loss and damage exists resulting in coverage here," does not help. As discussed above, the issue in *Friends of DeVito* was whether Governor Wolf had the authority to order businesses to close. *Friends of DeVito* does not pertain in any way to insurance or interpretation of contracts (insurance or otherwise), or to the definition and scope of the phrase "direct physical loss."

*Motorists Mutual Insurance Co. v. Hardinger*, 131 F. App'x. 823 (3d Cir. 2005), also cited by Plaintiffs, is similarly inapplicable.[2] In *Hardinger*, plaintiff's residential well was alleged to have been *actually contaminated* with e-coli bacteria and that the contamination rendered plaintiff's home inhabitable and totally precluded plaintiff's use thereof. *Id.* at 824.

By contrast, as noted above, Plaintiffs here failed to plead that any relevant property was *actually contaminated* with COVID-19, but rather that they could not use their property because of executive orders and a viral pandemic. Even if *actual* COVID-19 contamination could, in theory, constitute direct physical loss or damage, the mere *risk* of such contamination would fail to qualify as such.

Plaintiffs' inability to plead a Covered Cause of Loss mandates dismissal of their complaint.

B. **Plaintiffs Have Not Pleaded Damage to "Other Property"**

For there to be coverage for acts of civil authority under Section 1(A)(5)(i), the damage caused by the Covered Cause of Loss must be to property *other than* Plaintiffs' insured property. Plaintiffs' complaint is devoid of any allegations of damage to a property other than their own. Rather, the allegations in Plaintiffs' complaint address only alleged damage to Plaintiffs' Insured Property. For this reason as well, Plaintiffs' complaint should be dismissed.

---

[2] *See Hardinger*, 131 F. App'x at 828 (finding that there existed a genuine issue of material fact with respect to the issue of whether plaintiff's home, having been rendered uninhabitable as a result of e-coli bacteria contamination of plaintiff's well, constituted "direct physical loss") and the New Jersey federal case on which it relied, *Port Authority of New York & New Jersey Affiliated FM Insurance Co.*, 311 F.3d 226 (3d Cir. 2002) (applying New Jersey law and holding that "actual release" of asbestos fibers at the insured property which did not cause any physical damage to the structures but rendered the structures "useless or uninhabitable" constituted "physical loss or damage").

C. **Plaintiffs Have Not Pleaded That Access to Their Place of Business is Prohibited Because of Damage to Another Property or to Enable a Civil Authority to have Unimpeded Access to the Other Damaged Property.**

Plaintiffs fail to state a claim for which relief can be granted for the additional reason that they do not – and cannot – allege that access to their place of business has been prohibited by a civil authority because of physical damage which a Covered Cause of Loss has caused another property within a mile of their place of business or to enable a civil authority to have unimpeded access to the other damaged property.  Section I(A)(5)(i) requires both of the following to be satisfied for there to be coverage for an act of a civil authority that prohibits access to the Plaintiffs' place of business:

(1) Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described premises are within that area but are not more than 1 mile from the damaged property; and

(2) The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.

Again, Plaintiffs' complaint is devoid of any allegations of damage or impeded access to any property other than their own.  Rather, the allegations in Plaintiffs' complaint address only alleged damage and impeded access to Plaintiffs' Insured Property.  For this reason as well, Plaintiffs' complaint should be dismissed.

II. **For the Same Reasons Plaintiffs Fail to State a Claim Under the Civil Authority Provision of the Policy, They Cannot State a Claim Under the Loss of Business Income Provision of the Policy.**

Plaintiffs fare no better if they shift their emphasis to the Loss of Business Income coverage provision in Section I(A)(5)(f)(1), because that section also requires a Covered Cause of Loss and direct physical loss of or damage to property, as follows:

   (1)  Business Income

     (a)  We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss.

First, the Policy mandates that loss of Business Income "must be caused by or result from a Covered Cause of Loss." Again, the phrase "Covered Causes of Loss" is defined in Section I(A)(3), on page 3 of 53 of the Policy as a "[d]irect physical loss *unless the loss is excluded or limited* under Section I — Property."

As discussed at length above, there are two exclusions that preclude coverage:

- Exclusion of loss or damage caused directly or indirectly by ordinance or law Section I(B)(1)(a) on page 17 of 53; and

- Excludes loss or damage caused directly or indirectly by virus or bacteria. Section I(B)(1)(j) on page 20 of 53.

Consequently, Plaintiffs fail to sufficiently plead a "Covered Cause of Loss" under the loss of Business Income provision.

Further, the language of the loss of Business Income provision is clear: the suspension of business operations "must be caused by direct physical loss of or damage to property". The Policy contemplates that, when this specific type of damage is sustained, business is suspended so that the property can undergo "restoration".

Here, Plaintiffs have not alleged in the complaint that the loss of use of Plaintiffs' premises because of the Governor's orders, or the mere threat of COVID-19 contamination required that Plaintiffs' premises be "restored" in any way, i.e., via repairs, demolition and reconstruction, etc. Accordingly, Plaintiffs have failed to plead that they sustained a "direct

physical loss of or damage to property". Therefore, the type of loss allegedly sustained by Plaintiffs is not covered by the loss of Business Income provision.

## CONCLUSION

For the foregoing reasons, Selective respectfully requests that the Court dismiss Plaintiffs' complaint for failure to state a claim on which relief can be granted.

Respectfully submitted,

Dated: May 27, 2020

*/s/ David Smith*
David Smith (Pa. I.D. 21480)
Theresa E. Loscalzo (Pa. I.D. 52031)
Raymond J. Hunter (Pa. I.D. 87797)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
Telephone: (215) 751-2000
Facsimile: (215) 751-2205

*Attorneys for defendants Selective Insurance Company of America and Selective Insurance Company of the Southeast*

**CERTIFICATE OF SERVICE**

      I hereby certify that, on May 27, 2020, I caused a true and correct copy of the foregoing Motion to Dismiss to be served upon all parties via this Court's notice of electronic filing.

                                    Respectfully submitted,

                                    */s/ David Smith*

Dated: May 27, 2020               David Smith (Pa. I.D. 21480)
                                    Theresa E. Loscalzo (Pa. I.D. 52031)
                                    Raymond J. Hunter (Pa. I.D. 87797)
                                    SCHNADER HARRISON SEGAL & LEWIS LLP
                                    1600 Market Street, Suite 3600
                                    Philadelphia, PA 19103-7286
                                    Telephone: (215) 751-2000
                                    Facsimile: (215) 751-2205

                                    *Attorneys for defendants Selective Insurance Company of America and Selective Insurance Company of the Southeast*