**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUL-BUR ASSOCIATES, INC. and JULIE'S BOTTEGA, | : | CIVIL ACTION |
| | : | |
| | : | Case No. 2:20-cv-01977-GEKP |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| SELECTIVE INSURANCE COMPANY OF AMERICA and SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, | : | |
| | : | |
| | : | |
| Defendants | : | |
| | : | |

**NOTICE OF SUBSEQUENT AUTHORITY BY**
**SELECTIVE INSURANCE COMPANY OF AMERICA AND**
**SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST**

Defendants Selective Insurance Company of America and Selective Insurance Company of the Southeast (collectively "Selective") respectfully submit this notice of subsequent authority to identify subsequent decisions relevant to the pending Motion to Dismiss (Dkt. 19).

In the months since Selective filed its Reply in Support of its Motion to Dismiss (Dkt. 28) on September 10, 2020, the weight of nationwide authority supporting dismissal has increased dramatically. As of the date of this Notice of Subsequent Authority, the following additional decisions have dismissed similar claims:

- *Newchops Restaurant Comcast LLC v. Admiral Indem. Co.*, 2020 WL 7395153, at *5-6 (E.D. Pa. Dec. 17, 2020) ("Reading the civil authority and business income provisions in the context of the entire policy, we conclude that the damage must be physical. . . . Loss of utility is not structural or physical. Nor is the mere possibility of the presence of the virus in the nearby properties.").

- *Prime Time Sports Grill, Inc. v. DTW 1991 Underwriting Ltd.*, 2020 WL 7398646, at *6 (M.D. Fla. Dec. 17, 2020) ("[Plaintiff] suffered an economic loss that did not result from tangible damage. This is not the type of loss that Defendant undertook to pay for based on the plain meaning of the language in the policy. Again, the Business Income (and Extra Expense) Coverage states that Defendant 'will pay for the actual loss of Business Income [Plaintiff] sustain[s] due to the necessary "suspension" of [its] "operations" during the "period of restoration"' and that '"suspension" must be caused by direct physical loss of or damage to property at premises which are described in the Declarations.' The suspension was not caused by tangible damage. Instead, the government mandated a statewide closure of bars and restaurants due to the pandemic.").

- *10012 Holdings, Inc. v. Sentinel Ins. Co.,* No. 1:20-cv-04471-LGS (S.D.N.Y. Dec. 15, 2020) ("Nothing in the Complaint plausibly supports an inference that COVID-19 and the resulting Civil Orders physically damaged Plaintiff's property, regardless of how the public health response to the virus may have affected business conditions for Plaintiff.").

- *Franklin EWC, Inc. v. Hartford Fin. Serv. Grp.*, 2020 WL 7342687, at *2  (N.D. Cal. Dec. 14, 2020) ("Therefore, drawing all inferences in the FAC in Plaintiff's favor, the FAC alleges that the coronavirus is the direct or indirect cause of Plaintiffs' economic loss, and thus the Virus Exclusion bars coverage  under its plain and unambiguous language . . . Confronted with the same or similar virus exclusion provisions, numerous courts have determined that these provisions exclude coverage for business losses related to COVID-19.").

- *Blvd. Carroll Entm't Grp. v. Firemen's Fund Ins. Co.*, No. 2:20-cv-11771-SDW-LDW (D.N.J. Dec. 14, 2020) ("Plaintiff has not alleged any facts that support a showing that its property was physically damaged.  Instead, Plaintiff pleads that by forcing him to close his business, the Stay-At-Home Orders caused Plaintiff to lose income and incur expenses.  This is not enough.").

- *Richard Kirsch v. Aspen Am. Ins. Co.,* 2020 WL 7338570, at *6 (E.D. Mich. Dec. 14, 2020) (". . . COVID-19 injures people but does not seem to cause any lasting damage to physical property.  Because Plaintiff's claim, as pled, alleges only a temporary loss of use of Plaintiff's property, the tangibility requirement implicit in the policy forecloses a claim under the practice income provision.").

- *Terry Black's BBQ. v. State Auto. Mut'l. Ins. Co.,* 2020 WL 7351246, at *6 (W.D. Tex. Dec. 14, 2020) ("The civil authority orders did not cause any tangible physical alteration to Plaintiffs' property.").

- *Gerleman Mgmt., Inc. Atl. States Ins. Co.*, No. 4:20-cv-183-JAJ (S.D. Iowa Dec. 11, 2020) ("Even if the Court were to assume loss and damage are distinct concepts, the physicality requirement of the loss or damage remains, and Plaintiffs have failed to allege a tangible loss or alteration to property that is sufficient to trigger coverage under the Business Income provision.").

- *Michael Cetta, Inc. d/b/a Sparks Steak House et al. v. Admiral Indem. Co.*, No. 1:20-cv-04612-JPC (S.D.N.Y. Dec. 11, 2020) (dismissing with prejudice plaintiff's complaint because "[l]osing the ability to use otherwise unaltered or existing property simply does not change the physical condition or presence of that property and therefore cannot be classified as a form of 'direct physical loss' or 'damage.'").

- *Catlin Dental, P.A., v. Cincinnati Indem. Co.*, No. 20-CA-004555 (Fla. Cir. Ct. Dec. 11, 2020) ("Catlin relies upon the opinions from *Studio 417* . . . and *North State Deli* . . . in support of its argument . . . the Court finds that neither of these cases is persuasive or well-reasoned. . . . The Coronavirus does not physically alter the appearance, shape, color, structure or other material dimension of

property.  Even if Catlin had alleged the virus to be present at the Insured Premises, this would be insufficient.").

- *SA Palm Beach, LLC v. Certain Underwriters at Lloyd's London, et al.,* 2020 WL 7251643, at *5 (S.D. Fla. Dec. 9, 2020) ("[T]he Business Income and Extra Expense Coverage sections require 'direct physical loss of or damage to property.' . . . the Amended Complaint falls short of alleging the property sustained any physical damage.").

- *Robert W. Fountain, Inc., et al. v. Citizens Ins. Co. of Am.,* 2020 WL 7247207, at *3 (N.D. Cal. Dec. 9, 2020) ("Business losses resulting from the temporary inability to access an unharmed property are not 'direct physical loss of or damage to' property.").

- *Sultan Hajer v. Ohio Sec. Ins. Co.*, 2020 WL 7211636, at *3 (E.D. Tex. Dec. 7, 2020) ([M]onetary loss is not a 'distinct, demonstrable, physical alteration of the property.'  Plaintiff does not plead tangible damage or loss to his store. . . . [A] regulation prohibiting people from patronizing a business is not a tangible alteration of any property.  The regulation causes no changes to the structure of the property, and there is no pleading that the virus itself was present on and altered the property.  Absent evidence to the contrary, the business-interruption provision does not apply to the financial losses that plain-tiff experienced.").

- *Palmer Holdings and Investments, Inc., et al. v. Integrity Ins. Co.,* 2020 WL 7258857, at *10 (S.D. Iowa Dec. 7, 2020) ("Although Plaintiffs attempt to paint their losses as physical, they have essentially pleaded loss of use, which is insufficient to establish a direct physical loss.").

- *El Novillo Restaurant, et al. v. Certain Underwriters at Lloyd's London, et al.*, 2020 WL 7251362, at *6 (S.D. Fla. Dec. 7, 2020) ("Plaintiffs allege only (and in an entirely conclusory fashion) that 'Plaintiffs . . . have suffered direct physical losses of or damage to their properties due to the suspension of their operations from the global COVID-19 pandemic.' . . . But the Amended Complaint falls short of alleging that Plaintiffs' properties sustained any physical damage.")

- *Kessler Dental Associates, P.C. v. The Dentists Ins. Co.*, 2020 WL 7181057, at *4 (E.D. Pa. Dec. 7, 2020) ("Kessler Dental does not allege that Covid-19 was present on its premises or that it made the structure unusable.  Instead, Kessler Dental complains that 'because business is conducted in an enclosed building, it is more susceptible to being or becoming contaminated.'  But these are indirect general threats of future damage and do not demonstrate 'physical damage.'") (internal citations omitted).

- *4431, Inc., et al. v. Cincinnati Ins. Co. et al.,* 2020 WL 7075318, at *12 (E.D. Pa. Dec. 3, 2020) ("Here, Plaintiffs' loss of business income as a result of COVID-19 and the Governor's Orders does not constitute direct 'physical loss' under the Policies . . . there is no physical component to Plaintiffs' loss . . . Plaintiffs maintain the ability to operate at their premises, albeit on a limited basis. . . . With no direct physical loss, there can be no coverage.").

- *Promotional Headwear Int'l, et al. v. Cincinnati Ins. Co.,* 2020 WL 7078735, at *7 (D. Kan. Dec. 3, 2020) ("The Court finds that coverage for 'direct loss to Covered Property' under the Policy unambiguously requires more than mere diminution in value or impairment of use of the property.").

- *Zwillo V, Corp. et al.  v. Lexington Ins. Co.,* 2020 WL 7137110, at *4 (W.D. Mo. Dec. 2, 2020)  (dismissing plaintiff's putative class action complaint because "Plaintiff's allegations concerning the impact of the COVID-19 virus and stay-at-home orders do not plausibly allege 'direct physical loss of or damage to' property" and even if the virus did constitute physical loss, insurer's Pollution and Contamination Exclusion would preclude coverage).

- *Topper's Salon & Health Spa, Inc. v. Travelers Prop. Cas. Co. of Am.,* 2020 WL 7024287, at *1 (E.D. Pa. Nov. 30, 2020) ("[T]he policy that Toppers purchased from Travelers Property Casual[ty] Company of America offers coverage for many interruptions to Toppers' business.  But it does not cover Covid-19, both because it includes an exclusion that applies to virus-related losses and because the various governmental orders do no trigger coverage under Toppers' policy.").

- *Natty Greene's Brewing Co., LLC, et al. v. Travelers Cas. Ins. Co. of Am., et al.,* 2020 WL 7024882, at *3 (M.D. N.C. Nov. 30, 2020) ("Each policy expressly excludes coverage for loss or damage caused directly or indirectly by, or resulting from, any virus.  And the plaintiffs specifically alleged that the coronavirus is a 'highly contagious airborne virus' . . . Thus, the plaintiffs have pleaded that COVID-19 is in fact the reason for the [Closure] Orders being issued").

- *Whiskey River on Vintage Inc., et al. v. Illinois Cas. Co.,* 2020 WL 7258575, at *10 (S.D. Iowa Nov. 30, 2020) (granting defendant's motion for judgment on the pleadings because "the physicality requirement of the loss or damage remains, and Plaintiffs have failed to allege a tangible loss or alteration to property" that is required for coverage under both the Business Income and Extra Expense Provisions or Civil Authority Provision of the policy).

- *AFM Mattress Co., LLC v. Motorists Commercial Mut. Ins. Co.*, 2020 WL 6940984, at *4 (N.D. Ill. Nov. 25, 2020) (dismissing plaintiff's complaint because "the governments issued shutdown orders in response to the virus, an excluded cause of loss . . . and plaintiffs do not plead that some other event triggered the shutdown orders.").

- *Selane Prod., Inc. v. Cont'l Cas. Co.*, 2020 WL 7253378, at *6 (C.D. Cal. Nov. 24, 2020) ("As this Court has determined that Selane offers no well-pled allegations to infer that it suffered 'direct physical loss of or damage to property' due to COVID-19, Selane has also failed to show that COVID-19 and its impacts as alleged in the Complaint triggered coverage under the Business Income and Extra Expense Endorsement.").

- *Border Chicken Ariz. LLC v. Nationwide Mut. Ins. Co.*, 2020 WL 6827742, at *4 (D. Ariz. Nov. 20, 2020) (holding that policy's virus exclusion precluded coverage because "[t]he Policy expressly states that the Virus Exclusion bars

coverage bars coverage for loss or damage caused *directly or indirectly* by a virus and 'regardless of any other cause or event that contributes concurrently or in any sequence to the loss.' . . . At the least, COVID-19 was an indirect cause of Plaintiff's loss.").

• *T&E Chicago, LLC v. Cincinnati Ins. Co.*, 2020 WL 6801845, at *5 (N.D. Ill. Nov. 19, 2020) ("The Court sympathizes with Plaintiff. Nevertheless, the policy's phrasing requires the Court to find in Defendant's favor. The Court agrees with the Courts that have found that the loss of use of property without any physical change to that property cannot constitute direct physical loss or damage to the property.").

• *Chattanooga Prof'l Baseball LLC v. Nat'l Cas. Ins. Co.*, 2020 WL 6699480, at *3 (D. Ariz. Nov. 13, 2020) (holding that policy's virus exclusion precluded coverage because "[t]here is no allegation in the complaint that absent the pandemic, the government would have been prompted to issue stay-at-home orders or otherwise inhibit access to the ballparks.").

• *S. Fla. ENT Assocs. v. Hartford Fire Ins. Co.*, 2020 WL 6864560, at *12 (S.D. Fla. Nov. 13, 2020) (R&R) ("Defendant's motion to dismiss should be GRANTED for the failure to allege any actual harm to the insured property.").

• *10E, LLC v. Travelers Indem. Co. of Conn.*, 2:20-cv-04418-SVW-AS (C.D. Cal. Nov. 13, 2020) ("Plaintiff's opposition does not point to any allegations of direct physical loss of or damage to property at its own premises. The SAC rests on the same allegations and legal theory rejected in the Court's prior Order.").

• *Graspa Consulting, Inc. v. United Nat'l Ins. Co.*, 2020 WL 7062449, at *9 (S.D. Fla. Nov. 13, 2020) (R&R) ("[I]t is not plausible how the allegations in this case meet that threshold [of actual physical damage sufficient to trigger coverage] when Plaintiff's business merely suffered economic losses as opposed to anything tangible, actual, or physical.").

• *Long Affair Carpet & Rug, Inc. v. Liberty Mut. Ins. Co.*, 2020 WL 6865774, at *2-3 (C.D. Cal. Nov. 12, 2020) ("Plaintiff plausibly alleges only that California's COVID-19 restrictions interfered with the use or value of its property, not that the restrictions caused direct physical loss or damage. . . . Simply put, there is no coverage under the Policy for Plaintiff's loss of business caused by COVID-19 orders.").

• *Water Sports Kauai, Inc. v. Fireman's Fund Ins. Co.*, 2020 WL 6562332, at *7 (N.D. Cal. Nov. 9, 2020) (rejecting plaintiff's "deprivation of functionality" argument and finding that "[plaintiff] has not alleged any *direct physical* anything that happened to or at its specific properties. . . . There is no allegation of any direct physical contact that caused tangible loss to their property.") (emphasis in original).

• *Goodwill Indus. of Centr. Okla., Inc. v. Phila. Indem. Ins. Co.*, No. 5:20-cv-0051-R (W.D. Okla. Nov, 9, 2020) ("Alleging a direct physical loss unambiguously

requires a showing of tangible damage. Goodwill failed to allege it suffered any tangible damage, and therefore, its claim is subject to dismissal. Even if the Court applied an expansive definition of direct physical loss . . . [plaintiff's] claim is still subject to dismissal because the Virus Endorsement expressly excludes coverage.").

• *Brian Handel D.M.D., P.C. v. Allstate Ins. Co.*, 2020 WL 6545893, at *3 (E.D. Pa. Nov. 6, 2020) ("In fact, no order by either the Governor or the Department of Health ever required dental offices such as plaintiff to close completely. Instead, plaintiff was able to remain open for emergency procedures. Thus, plaintiff's property remained inhabitable and usable, albeit in limited ways. Plaintiff has failed to plead plausible facts that COVID-19 caused damage or loss in any physical way to the property so as to trigger coverage . . .").

• *N&S Restaurant, LLC v. Cumberland Mut. Ins. Co.*, 2020 WL 6501722, at *3 (D. N.J. Nov. 5, 2020) (holding that virus exclusion's plain language, barring coverage for loss or damage caused directly or indirectly by any virus, applied to loss suffered from NJ closure order because "[t]here is no doubt that COVID-19, a virus, caused Governor Murphy to issue the Executive Order mandating closure of Plaintiff's restaurant.").

• *Real Hospitality, LLC v. Travelers Cas. Ins. Co. of Am.*, 2020 WL 6503405, at *8 (S.D. Miss. Nov. 4, 2020) ("Although the Court finds that the Plaintiff fails to plausibly allege it suffered a 'direct physical loss of or damage to' its property, the Court further finds, that even if Plaintiff was able to show it suffered such loss or damage, coverage would be precluded under the virus exemption to the Policy.").

• *Uncork and Create, LLC v, Cincinnati Ins. Co.*, 2020 WL 6436948, at *4-5 (S.D. W.Va., Nov. 2, 2020) ("The novel coronavirus has no effect on the physical premises of a business. . . . Recovery for the Plaintiff here would be purely economic, solely for lost business without accompanying repairs to the premises.").

• *Raymond H. Nahmad, DDS v. Hartford Cas. Ins. Co.*, 2020 WL 6392841, at *6 (S.D. Fla. Nov. 1, 2020) ("[E]conomic damages alone without corresponding physical harms to the Covered Property" does not constitute "direct physical loss of or damage" to property.).

• *W. Coast Hotel Mgmt., LLC v. Berkshire Hathaway Guard Ins. Cos.*, 2020 WL 6440037 (C.D. Cal. Oct. 27, 2020) (holding that the "detrimental economic impact" to plaintiff from the loss of patronage and California's Executive Orders is not sufficient to trigger coverage when plaintiff did not allege that the property had "undergone a physical alteration" or needed to be "repaired, rebuilt, or replaced.").

• *Vizza Wash, LP v. Nationwide Mut. Ins. Co.*, 2020 WL 6578417, at *7 (W.D. Tex, Oct. 26, 2020) (dismissing plaintiff's claim with prejudice due to the policy's

"unambiguous" Virus Exclusion that "plainly excludes loss or damage caused *even indirectly* by a virus.") (emphasis in original).

- *Boxed Foods Company, LLC, et al. v. California Capital Ins. Co.*, 2020 WL 6271021, at *4-5 (N.D. Cal. Oct. 26, 2020) ("The Virus Exclusion precludes coverage for any loss 'directly or indirectly' caused by a virus . . . California issued these [Closure] orders as a direct response to COVID-19 . . . 'a cause of loss that falls squarely within the Virus Exclusion.'") ("[C]ourts do not evaluate the reasonable expectations doctrine when a policy's language is clear and unambiguous.").

- *Founder Institute Inc., v. Hartford Fire Ins. Co., et al.*, 2020 WL 6268539, at *1 (N.D. Cal. Oct. 22, 2020) (holding that plaintiff's claim clearly fell within the virus exclusion because "even assuming the validity of this contorted characterization of the purpose behind the shelter-in-place orders [that loss occurred not from closure to prevent virus spread but from respiratory droplets on surfaces], Founder has merely come up with a different way to describe the same thing: the ordinances sought to prevent COVID-19 from spreading").

- *Hillcrest Optical, Inc. v. Continental Casualty Co.*, 2020 WL 6163142, at *8 (S.D. Ala., Oct. 21, 2020) ("'[D]irect physical loss of property' contemplates the tangible alteration of property which would necessitate a party's absence to fix it or require the party to begin operations elsewhere. . . . This begs the question: how can a statewide [Closure Order] which 'required' Plaintiff to shutdown necessitate some sort of repair?").

- *Travelers Cas. Ins. Co. of Am. v. Geragos & Geragos*, 2020 WL 6156584, at *4 (C.D. Cal. Oct. 19, 2020) (dismissing complaint because "G&G argues that it was 'deprived of the typical foot traffic, visibility, and ability to interface with clients that it ordinarily depends on, and is en titled to coverage for business losses that resulted from this deprivation.' . . . However, G&G fails to allege that there was *physical* damage to the property and concedes that Coronavirus 'has never been detected at its property.'").

- *Seifert v. IMT Ins. Co.*, 2020 WL 6120002, at *3 (D. Minn. Oct. 16, 2020) ("Actual physical contamination of the insured property is still required. . . . Simply claiming 'mere loss of use or function' is not enough. . . . As such, Seifert's claims fail to fall within the permissible realm of 'direct physical loss,' as he cannot allege facts showing his properties were actually contaminated or damaged by the coronavirus. . . . Instead, the Orders are alleged to be the sole cause of his losses, but governmental action prohibiting the use of property, by itself, is not enough.").

- *Vandelay Hospital Group LP d/b/a Hudson House v. The Cincinnati Ins. Co., et al.*, 2020 WL 5946863, at *2 (N.D. Tex. Oct. 7, 2020) (dismissing plaintiff's complaint because it did not state a plausible claim that property sustained direct physical loss or damage necessary to support breach of contract claim).

- *Henry's Louisiana Grill, Inc., et al. v. Allied Ins. Co. of Am.*, 2020 WL 5938755, at *4 (N.D. Ga. Oct. 6, 2020) ("Plaintiffs' allegation of a physical change here is curious. The Plaintiffs repeatedly note that COVID-19 has never been identified on the premises. Therefore, no physical change as a result of the virus' presence can be argued here. . . . [Plaintiff's] interpretation [that the Governor's Executive Order caused physical damage] . . . exceeds any reasonable bounds of possible construction, pushing the words individually and collectively beyond what any plain meaning can support.").

- *Mark's Engine Co. No. 28 Rest., LLC v. Travelers Indem. Co. of Conn.*, No. 2:20-cv-04423-AB-SK (C.D. Cal. Oct. 2, 2020) (finding that plaintiff did not suffer direct physical loss from COVID-19 because there was never any physical change in the condition of the property and plaintiff never lost access to the premises even after the closure order was issued; and even if plaintiff could plausibly allege 'direct physical loss,' which it could not, the policy's virus exclusion "clearly and unequivocally exempts 'loss or damage caused by or resulting from any virus' [and] Plaintiff's First Amended Complaint clearly demonstrates that all alleged loss or damage was both caused by and or resulted from the novel coronavirus.").

- *Wilson v. Hartford Casualty Co.*, 2020 WL 5820800, at *7 (E.D. Pa. Sept. 30, 2020) (holding that policy's "unambiguous" virus exclusion barred coverage for losses that plaintiff alleges were caused by the Coronavirus).

- *Oral Surgeons, P.C. v. Cincinnati Ins. Co.*, 2020 WL 5820552, at *1 (S.D. Iowa Sept. 29, 2020) (dismissing plaintiff's complaint with prejudice because "virus-related closures of business do not amount to direct loss to property . . .").

- *Infinity Exhibits v. Certain Underwriters at Lloyd's London*, 2020 WL 5791583, at *5 (M.D. Fla. Sept. 28, 2020) ("In sum, although the Court is sympathetic to Plaintiff and all insureds that experienced economic losses associated with COVID-19, there is simply no coverage under the policies if they require 'direct physical loss of or damage' to property.").

- *Franklin EWC, Inc. v. Hartford Fin. Serv. Grp.*, 2020 WL 5642483, at *3 (N.D. Cal. Sept. 22, 2020) (holding that nothing in the complaint supported an inference that the closure orders themselves caused damage and, therefore, ". . . the Closure Orders cannot possibly be the same as the Covered Cause of Loss.").

- *Sandy Point Dental, PC v. Cincinnati Ins. Co.*, 2020 WL 5630465, at *2 (N.D. Ill. Sept. 21, 2020) (finding that the policy phrase "'direct physical loss'—unambiguously requires some form of actual, physical damage to the insured premises to trigger coverage" and dismissing complaint because plaintiff did not plead any facts showing "physical alteration or structural degradation of the property.").

- *Mudpie Inc. v. Travelers Cas. Ins. Co. of Am.*, 2020 WL 5525171, at * 3 (N.D. Cal. Sept. 14, 2020) (holding that plaintiff's temporary inability to occupy its storefront did not constitute physical damage).

In sum, federal courts across the country continue to dismiss claims similar to plaintiff's

claims by applying the plain language of the insureds' policies.[1]

---

[1]    There are a few outlier decisions: *Elegant Massage, LLC d/b/a Light Stream Spa, et al. v. State Farm Mut. Auto Ins. Co.*, No. 2:20-cv-00265-RAJ-LRL (E.D. Va. Dec. 9, 2020), *Perry Street Brewing Co., LLC v. Mut. of Enumclaw Ins. Co.*, No. 2:20-cv-09368-ODW-E (Was. Sup. Ct. Dec. 1, 2020), *North State Deli, LLC v. Cincinnati Ins. Co.*, No. 20-CVS-0259 (N.C. Sup. Ct., Oct. 9, 2020), *Urogynecology Specialist of Florida LLC v. Sentinel Ins. Co. Ltd.*, 2020 WL 5939172 (M.D. Fla. Sept. 24, 2020), *Blue Springs Dental Care, LLC, v. Owners Ins. Co.*, 2020 WL 5637963 (W.D. Mo., Sept. 21, 2020) and *Studio 417, Inc. v. Cincinnati Ins. Co.*, 2020 WL 4692385 (W.D. Mo., Aug. 12, 2020).

(a)    These decisions have been roundly criticized and their reasoning rejected. *See, e.g., Zwillo V, Corp. v. Lexington Ins. Co.*, 2020 WL 7137110, at *8 (W.D. Mo. Dec. 2, 2020) ("To the extent this Court's ruling – finding the language in the policy plainly and unambiguously does not cover the claims – conflicts with *Studio 417*, *K.C. Hopps*, and *Blue Springs Dental Care*, this Court respectfully disagrees with those cases."); *Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*, No. 1:20-CV-665-RP (W.D. Tex. Dec. 14, 2020) (declining to follow *Studio 417* and noting that "the great majority of courts" have done the same); *Promotional Headware Int'l v. Cincinnati Ins. Co.*, 2020 WL 7078735, at *8 (D. Kan. Dec. 3, 2020) (disagreeing with *Studio 417* and holding that allegations of the presence of COVID-19 are insufficient to trigger coverage as a matter of law); *Uncork and Create, LLC v. Cincinnati Ins. Co.*, 2020 WL 6436948, at *4-5 (S.D. W. Va. Nov. 2, 2020) (same); *Richard Kirsch, DDS v. Aspen Am. Ins. Co.*, 2020 WL 7338570, at *6 (S.D. Mich. Dec. 14, 2020) (rejecting the reasoning of *Studio 417*); *W. Coast Hotel Mgmt., LLC v. Berkshire Hathaway Guard Ins. Co.*, 2020 WL 6440037, at *4 (C.D. Cal. Oct. 27, 2020) (same); *Catlin Dental, P.A., v. Cincinnati Indem. Co.*, No. 20-CA-004555 (Fla. Cir. Ct. Dec. 11, 2020) (rejecting *Studio 417* and *North State Deli* as "the Court finds that neither of these cases is persuasive or well-reasoned"); *N&S Rest., LLC v. Cumberland Mut. Fire Ins. Co.*, 2020 WL 6501722, at *5 (D.N.J. Nov. 5, 2020) (finding the virus exclusion unambiguous because, unlike *Urogynecology*, "the Court has all relevant Policy documents").

(b)    *Studio 417* and *Blue Springs Dental Care* were decided by the same judge, who noted that the plaintiffs plausibly alleged that the COVID-19 particles attached and damaged their property and plaintiffs' policies did not contain virus exclusions. Even if these cases were correctly decided (and they were not), Plaintiff here does not allege that its business property was actually contaminated with the COVID-19 virus.

(c)    In *Elegant Massage*, the Court found that the phrase "'direct physical loss' has been subject to a spectrum of interpretations *in Virginia*" and held that, under Virginia law, any ambiguities had to favor the insured.

Respectfully submitted,

*/s/ David Smith* _____

David Smith (Pa. I.D. 21480)
Theresa E. Loscalzo (Pa. I.D. 52031)
Raymond J. Hunter (Pa. I.D. 87797)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
Telephone: (215) 751-2000
Facsimile: (215) 751-2205

*Attorneys for defendants, Selective Insurance Company
of America and Selective Insurance Company of the
Southeast*

Date: December 21, 2020

PHDATA 7593868_1